UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRIS URIBE,<br><br>             Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>             Defendant. | NO: 1:14-CV-3197-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 17, 21). This matter was submitted for consideration without oral argument. The Court—having reviewed the administrative record and the parties' completed briefing—is fully informed.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1117 (internal quotation marks and citation

omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income, dated June 30, 2011, alleging a disability onset date of June 1, 2009, in both applications.[1] Tr. 186-92, 193-98. These applications were denied initially and upon reconsideration, Tr. 115-22, 125-29, 130-37, and Plaintiff requested a hearing, Tr. 140-41. A video hearing was held with an Administrative Law Judge ("ALJ") on February 4, 2013. Tr. 44-76. On May 30, 2013, the ALJ issued a decision denying Plaintiff benefits. Tr. 23-43.

As a threshold issue, the ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through September 30, 2012. Tr. 28. At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2009, the

---

[1] In his briefing on appeal, Plaintiff attempts to amend his onset date to November 23, 2011, a date after he submitted his applications, in order to reflect worsening impairments. ECF No. 17 at 2, n.1. It is not the prerogative of this Court to accept such amendment.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

1  alleged onset date. Tr. 28. At step two, the ALJ found that Plaintiff had the

2  following severe impairments: cervical, thoracic, and lumbar degenerative disc

3  disease and hepatitis C. Tr. 28. At step three, the ALJ found that Plaintiff did not

4  have an impairment or combination of impairments that meets or medically equals

5  the severity of a listed impairment. Tr. 30. The ALJ then determined that Plaintiff

6  had the RFC

> to perform less than light work as defined in 20 CFR 404.1567(b) and 416.967(b), with lifting and carrying of twenty pounds occasionally and ten pounds frequently; standing and/or walking for a total of two hours in an eight hour workday for about 1/2 hour at a time; and sitting for six hours in an eight hour workday for about 1/2 hour at a time, which would result in change of position briefly every 1/2 hour. The claimant is able to frequently stoop, kneel, crouch, crawl, and climb ramps and stairs but never ladders, ropes, and scaffolds, and he must avoid concentrated exposure to wetness, vibration, fumes, odors, dusts, gases, and hazards.

Tr. 31. At step four, the ALJ found Plaintiff unable to perform any past relevant

work. Tr. 37. At step five, the ALJ found—considering Plaintiff's age, education,

work experience, and RFC—that Plaintiff could perform jobs that exist in

significant numbers in the national economy, such as cashier II, agriculture

produce sorter, and assembler. Tr. 37-38. In light of the step five finding, the ALJ

concluded that Plaintiff was not disabled under the Social Security Act and denied

his claims on that basis. Tr. 38-39.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

The Appeals Council denied Plaintiff's request for review on October 30, 2014, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Tr. 1-6; 20 C.F.R. §§ 404.981, 416.1484, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability benefits and supplemental security income under Titles II and XVI of the Social Security Act.  While Plaintiff raises three issues in this appeal, ECF No. 17, the Court concludes the ALJ erred in failing to properly evaluate the medical opinion evidence.  Therefore, this case is remanded for further proceedings.

## DISCUSSION

**A. Medical Opinion Evidence**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.* at 1202. "In addition, the regulations give more

weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

"Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to

offer a substantive basis for his conclusion." *Id.* at 1012-13. "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Id.* at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

Plaintiff faults the ALJ for discounting opinions of treating physician, Dr. Caryn Jackson. ECF No. 17 at 9-17. Dr. Jackson examined Plaintiff once in October 2012 and again in December 2012. Tr. 482-90 (administering pain medication on 12/11/12, Tr. 485). Plaintiff points to Dr. Jackson's February 2013 medical report, in which Dr. Jackson opines Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, stand and/or walk for two to three hours in an eight hour workday, sit for two to three hours in an eight hour workday, and sit or stand each for thirty minutes before needing to change position and walk around for about ten to fifteen minutes. Tr. 576-79. Dr. Jackson also opined Plaintiff could stoop, crouch, and climb stairs occasionally, could never twist or climbs ladders, and would be absent from work more than four days a month. *Id.*

Although the ALJ afforded "[s]ignificant weight" to some of Dr. Jackson's opinions, this Court finds the ALJ failed to properly reject the remainder of Dr. Jackson's opinions regarding Plaintiff's functional limitations.

1    First, the ALJ ignored, without discussion, Dr. Jackson's opinion that

2  Plaintiff would need to walk every thirty minutes for about ten minutes.  Where an

3  ALJ does not explicitly reject a medical opinion, he errs.  *Garrison*, 759 F.3d at

4  1012.  This Court cannot conclude that this error was harmless as this opinion, if

5  credited, would have resulted in a different RFC finding and affected the ultimate

6  non-disability finding.

7    Second, the ALJ noted that Dr. Jackson's opinion was based on Plaintiff's

8  subjective reporting and examination findings that depend on subjective responses

9  but fails to explain the basis for this conclusion.  Tr. 36.  Although a medical

10 opinion may be rejected when based "to a large extent" on an applicant's non-

11 credible self-reporting, the ALJ must provide a basis for his or her conclusions.

12 *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).  Moreover, "when an

13 opinion is not more heavily based on a patient's self-reports than on clinical

14 observations, there is no evidentiary basis for rejecting the opinion."  *Id.*

15   Third, the ALJ found Dr. Jackson's opinion regarding Plaintiff's postural

16 and sitting limitations were inconsistent with the overall medical record and other

17 medical opinions; however, the ALJ does not specify what evidence and opinions

18 contradict Dr. Jackson's findings.  Tr. 36.  Simply stating that her opinions are

19 inconsistent with other evidence is insufficiently specific.  Moreover, as the ALJ

20 recognized, the medical opinions of Dr. Dove and Dr. Koukol—opinions which the

ALJ afforded significant weight—were based on examinations and medical evidence from December 2011 and earlier. Dr. Dove and Dr. Koukol gave their medical opinions more than one year before the issuance of Dr. Jackson's report and before other medical evidence of Plaintiff's condition, including his October 2012 MRI, was made part of the record. Without citing to what specific medical evidence the ALJ found inconsistent with Dr. Jackson's opinions, the Court cannot be certain the ALJ's reasoning is based on substantial evidence in the record *as a whole*, *see Reddick*, 157 F.3d at 720.

Accordingly, this Court finds the ALJ improperly rejected Dr. Jackson's opinions. Further, the Court does not find that this error was harmless as Dr. Jackson's opinions, and the extent they corroborate Plaintiff's symptom claims, may be consequential to the ultimate nondisability determination. *See Molina*, at 1117.

**B. Remedy**

"When an ALJ's denial of benefits is based upon legal error or not supported by the record, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *See Hill*, 698 F.3d at 1162 (internal quotation marks omitted). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would

be required to find the claimant disabled if all the evidence were properly evaluated." *Id.* The Ninth Circuit's "credit-as-true" rule, on the other hand, directs that remand for an award of benefits is appropriate when

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020. Even when all conditions of the credit-as-true rule are satisfied, a court is required to remand for further proceedings when an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled. *Id.* at 1021.

Here, there are outstanding issues that must be resolved and it is unclear that Plaintiff would be disabled if all the evidence were properly evaluated. Whether, when the evidence in the record as a whole is properly evaluated, Plaintiff's limitations impair his ability to perform basic work activities must yet be resolved. In making this determination, the Commissioner must properly evaluate the opinions of the medical sources. Whether a proper evaluation of the medical opinions can be reconciled with the ALJ's existing adverse credibility determination or any of the other remaining issues in the case is for the Commissioner to decide in the first instance.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

Upon remand, the ALJ should further develop the record and issue a new decision.  The ALJ should reevaluate all of Plaintiff's impairments; Plaintiff's credibility; all medical source opinions; Plaintiff's RFC; and, if necessary, Plaintiff's ability to perform work at steps four and five.  Plaintiff may present new arguments and evidence, and the ALJ may conduct further proceedings as necessary.

**IT IS ORDERED:**

    1. Plaintiff's Motion for Summary Judgment (ECF No. 17) is **GRANTED**.

    2. Defendant's Motion for Summary Judgment (ECF No. 21) is **DENIED**.

    3. Pursuant to sentence four of 42 U.S.C. § 405(g), this action is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with this Order.

The District Court Executive is directed to file this Order, enter **JUDGMENT** for Plaintiff, provide copies to counsel, and **CLOSE** the file.

**DATED** December 22, 2015.



                THOMAS O. RICE
             United States District Judge